## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| KEVIN HUTCHINGS ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 08-1013 |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Respondent. ) | |

### ORDER

Before the Court is Petitioner Kevin Hutchings's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. For the reasons set forth below, the Court DENIES Hutchings's Motion.

### BACKGROUND

On August 19, 2005, the Government charged Hutchings in a six-count indictment with conspiracy to distribute more than 500 grams of methamphetamine and more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A).

On October 25, 2005 the Government, pursuant to 21 U.S.C. 851, filed a Notice of Intent to Use Evidence of Prior Convictions, in which it notified Hutchings that the Government would seek an enhancement of Hutchings's sentence based on prior felony convictions.

On February 3, 2006, Hutchings entered a blind guilty plea to Count One of the Indictment. On June 15, 2006, this Court sentenced Hutchings to a mandatory term of life imprisonment and ten years of supervised release.

On June 16, 2006, Hutchings filed a Notice of Appeal with the United States Court for the Seventh Circuit. On January 10, 2007, defense counsel filed an Anders brief with the Court of Appeals. On March 21, 2007, the Appellate Court dismissed Hutchings's appeal.

On January 10, 2008, Petitioner filed his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. In his Motion, Hutchings argues the following:

(1) His guilty plea was involuntary by reason of ineffective assistance of counsel;

(2) He received ineffective assistance from his counsel due to a conflict of interest because his attorney sought the Illinois State Court office of Circuit Judge;

(3) His enhanced sentence is void because the court lacked authority to enhance his sentence under 21 U.S.C. § 851; and

(4) He received ineffective assistance from his trial counsel and appellate counsel because his attorneys failed to object to the Court's lack of authority to enhance his sentence under 21 U.S.C. § 851.

The Government filed a Response to Hutchings's § 2255 Motion on March 24, 2008. Hutchings filed a traverse on April 11, 2008. As the issues are now fully briefed, this Order follows.

## DISCUSSION

A petitioner may avail himself of § 2255 relief only if he can show that there are "flaws in the conviction or sentence which are jurisdictional in nature,

constitutional in magnitude or result in a complete miscarriage of justice." *Boyer v. United States*, 55 F.3d 296, 298 (7th Cir. 1995), *cert. denied*, 116 S.Ct. 268 (1995). Section 2255 is limited to correcting errors that "vitiate the sentencing court's jurisdiction or are otherwise of constitutional magnitude." *Guinan v. United States*, 6 F.3d 468, 470 (7th Cir. 1993) (citing *Scott v. United States*, 997 F.2d 340 (7th Cir. 1993)).

Specifically, with respect to a claim of ineffective assistance of counsel, a petitioner must establish: (1) his attorney's performance was deficient; and (2) this deficiency prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the first prong of the *Strickland* test, a petitioner must show that his attorney's performance fell below an objective standard of reasonableness. *Id.* at 688. Counsel is presumed to have made reasonable strategic choices, and "there is a strong presumption that any decisions by counsel fall within a wide range of reasonable trial strategies." *Valenzuela v. United States*, 261 F.3d 694, 698-99 (7th Cir. 2001). The second prong of the *Strickland* test requires a petitioner to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* A petitioner must satisfy both prongs of the test in order to meet his burden, and a finding against him on either prong ends the inquiry. *Id.* at 697 ("there is no reason for a court . . . to address both components of the inquiry if the defendant makes an insufficient showing on one").

A.      **Voluntariness of plea**

Hutchings alleges that his guilty plea was involuntary because he received ineffective assistance of counsel. Hutchings alleges that he pled guilty after his attorney, Mark E. Wertz, told him that the only chance he saw of Hutchings getting less than a life sentence was for him to cooperate with the Government and plead guilty. Hutchings fails to satisfy the first prong in *Strickland* because he fails to prove that Wertz's performance fell below an objective standard of reasonableness. The Court finds that Wertz made a good faith analysis of all of the relevant facts and applicable legal principals when advising Hutchings. Wertz states in his affidavit that he met with Hutchings on numerous occasions to discuss various options available, including his right to trial, as well as sentencing issues and statutory sentencing guidelines. Further, if Wertz told Hutchings that the only way for him to qualify for less than the mandatory life sentence was for him to substantially assist the government, as alleged by Hutchings, this advice would be accurate.

Hutchings also fails to satisfy the second prong of *Strickland.* A petitioner must demonstrate through objective evidence a reasonable probability that, but for counsel's purportedly erroneous advice, he would not have entered the guilty plea and would have insisted upon going to trial. *United States v. Woolley*, 123 F.3d 627, 635 (7th Cir. 1997) (internal citation omitted). "It is far from obvious how a petitioner is expected to make such a showing, but it is clear that 'merely making such an allegation is insufficient.'" *United States v. Ryan*, 986 F.Supp.

4

509, 513 (N.D.Ill. 1997), quoting *Key v. United States*, 806 F.2d 133, 139 (7th Cir. 1986)).

Hutchings fails to demonstrate that he would not have entered his guilty plea and would have insisted upon going to trial but for the advice from Wertz. In fact, in numerous letters addressed to the Court, Hutchings expresses his desire to plead guilty. Hutchings fails to provide support for his claim that Wertz "offered him the 20 to 25 year plea bargain." It appears Hutchings knowingly pled guilty but was hoping he could avoid a mandatory life sentence. While this Court finds it understandable that Hutchings would hope for less than a life sentence, his hope does not negate a voluntary guilty plea.

Additionally, when the Court accepted Hutchings's guilty plea, it held a change of plea hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure. Rule 11 "provides protection for those who voluntarily choose to waive their constitutional right to a trial by pleading guilty while ensuring an adequate record to insulate the plea from appellate and collateral attacks." *Key*, 806 F.2d at 136. Rule 11 also provides for a colloquy that "exposes the defendant's state of mind in the record through personal interrogation." *Id.,* citing *United States v. Fountain*, 777 F.2d 351, 356 (7th Cir. 1985). This aspect of the Rule 11 hearing is especially important with respect to subsequent collateral proceedings, because the representations made by the defendant during a plea colloquy, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceeding. *Id.,* citing *Thompson v. Wainwright*, 787 F.2d 1447 (11th Cir. 1986). Furthermore, the

5

solemn declarations made at a Rule 11 hearing are entitled to a strong presumption of verity. *Id.,* citing *Blackledge v. Allison*, 431 U.S. 63 (1977).

After a careful review of the transcript from Hutchings's Rule 11 hearing, the Court finds that Hutchings fails to overcome the strong presumption of verity that attached to his statements of voluntariness and understanding that he made. The pertinent portion of the record reveals the following colloquy between Hutchings and the Court after he was placed under oath:

COURT: Have you received a copy of the indictment pending against you?

DEFENDANT: Yes, sir.

COURT: Have you fully discussed those charges and the case in general, including any possible defenses that you might have with Mr. Wertz as your attorney?

DEFENDANT: Yes, sir.

COURT: Are you fully satisfied with the counsel, representation and advice given to you in this case by your attorney, Mr. Wertz?

DEFENDANT: Yes, sir.

COURT: Concerning your willingness to plead guilty here this morning, have there been any promises or assurances of any kind made to you in an effort to induce you to plead guilty?

DEFENDANT: No, sir.

COURT: Based on my earlier discussion with counsel, do you understand that if, as believed, you do have two or more

|  |  |
|---|---|
|  | prior felony convictions, there is only one sentence that the judge in this case, me, can impose at the time of sentence and that's life?  Do you understand? |
| DEFENDANT: | Yes, sir. |
| COURT: | Has anyone attempted in any way to force you to plead guilty? |
| DEFENDANT: | No, sir, |
| COURT: | Are you pleading guilty of your own free will because you are guilty? |
| DEFENDANT: | Yes, sir. |
| COURT: | Do you understand that the offense to which you're pleading guilty is a felony offense?  If your plea is accepted, you will be adjudged guilty of that offense.  Such adjudication may deprive you of valuable civil rights such as the right to vote, the right to hold public office, the right to serve on a jury and the right to possess any kind of firearm.  Do you understand? |
| DEFENDANT: | Yes, sir. |
| COURT: | To go over more specifically, the count to which you're pleading guilty, this conspiracy count, with two or more prior felony drug convictions with penalties you're facing are life imprisonment with no possibility of parole, a fine up to $8 million, a $100 special assessment, do you understand that? |
| DEFENDANT: | Yes, sir. |

Hutchings fails to prove ineffective assistance of counsel because he fails to satisfy both prongs of the *Strickland* analysis. Hutchings fails to prove that his plea was anything but knowingly and voluntarily made.

**B.     Conflict of Interest**

Hutchings next argues that his attorney had a conflict of interest because Wertz planned to run for Illinois Circuit Judge and that that this judicial campaign caused Wertz to render ineffective assistance of counsel.

To prevail on this claim, Hutchings must first prove that Wertz had an actual conflict of interest. A conflict of interest arises when an attorney is required to make a choice advancing his own interests to the detriment of his client's interests. *Gray-Bey v. United States,* 156 F.3d 733, 738 (7th Cir. 1998), citing *United States v. Horton,* 845 F.2d 1414, 1419 (7th Cir. 1988). In order for a defendant to establish that he was denied effective assistance of counsel, he must demonstrate how an alleged conflict of interest adversely affected his lawyer's performance. *Id.,* citing *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980).

Hutchings fails to demonstrate that a conflict occurred due to Wertz running for circuit judge in Tazewell County. Based on the record presented, at no time did Wertz have to make a choice that advanced his interests to the detriment of Hutchings's interests. In addition, Hutchings fails to show how Wertz's running for circuit judge adversely affected his representation of Hutchings, as no decision in this case affected Wertz's chances in the election. The evidence in the case, along with Hutchings's criminal history, made it reasonable for Wertz to counsel Hutchings to plead guilty and cooperate with the

Government in the hopes that the Government would subsequently move for a reduction in his sentence.

**C.    Mandatory life sentence**

Hutchings alleges that the Court lacked authority to impose a mandatory life sentence under 21 U.S.C. § 851, arguing that the Court never held an enhancement colloquy before trial or before pronouncement of sentence. Hutchings is incorrect. The Government filed its Notice of Intent to Use Evidence of Prior Convictions listing five prior felony drug convictions on October 25, 2005. At sentencing, the following dialogue took place between the Court, the Petitioner, and his counsel:

COURT:    At the present time, is there anything in the report you feel is inaccurate or incomplete that you wish to challenge?

DEFENDANT:    No Sir.

MR. WERTZ:    Your Honor, can I bring something up? For the record, I want to mention that the disputes that Mr. Hutchings has had with the report, I believe I outlined them in an e-mail to Mr. Walsh dated May 24, 2006. So, it anyone's reviewing this record at a later date, those disputes were outlined in that e-mail; but it's my understanding, again, that Mr. Hutchings does not want to raise those disputes to the point as objections to this presentence investigation report.

COURT:    That's my understanding.
         You're saying you don't wish to pursue any of these today?

DEFENDANT:    Right.

Both the change of plea hearing and sentencing hearing advised Hutchings that his prior felony drug convictions mandated an enhancement to life imprisonment.

9

COURT:           As I understand it, the guideline range on this case is a total offense level of 37 and criminal history category of 6, which would give rise to a custody range of 360 months to life. However, there is a statutory required sentence; and there's only one sentence, and that's life. Now what this doesn't tell me is: Why is there a statutory mandatory minimum? Is it because of the combination of past criminal history and drug weight?

MR. MURPHY:      Yes.

COURT:           So- and I don't think there's any disagreement about that. There really is only one sentence the Court can impose today, and that is life in prison without the possibility of parole.

Are we agreed on that?

MR. MURPHY:      Yes.

MR. WERTZ:       Yes, your Honor. That's my understanding.

The Government put Hutchings on notice that an enhancement was sought and the Court had authority to impose the enhancement. 21 U.S.C. § 851(c) requires the Defendant to file a written response if he wants to deny an allegation of the information of prior conviction or claims that any conviction alleged is invalid. At no time did Hutchings object to the allegations in the information. In fact, at sentencing, Wertz stated that Hutchings "[did] not want to raise those disputes to the point as objections to this presentence investigation report." Hutchings then responded, "Right." In addition, 21 U.S.C. § 851(e) states that "No person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such

10

prior conviction." Therefore, Hutchings could not challenge the first four convictions that the Government used to seek an enhancement, as the convictions were greater than five years old.

**D.     Failing to object to the Enhancements**

Hutchings argues that his trial attorney was ineffective for failing to object to the Court's lack of authority to impose the enhancement and that his appellate defender was ineffective for failing to raise this issue on direct appeal. As mentioned above, the Government provided notice of the enhancement, Hutchings had knowledge of the enhancement, and Hutchings did not object to the enhancement. Therefore, Hutchings's attorneys were not in error for failing to object because the Court had authority to impose the enhancement

## CONCLUSION

For the reasons set forth above, the Court DENIES Hurchings's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.

ENTERED this 28th day of August, 2008.

s/ Michael M. Mihm<br>
Michael M. Mihm<br>
United States District Judge

11