IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| KEVIN HUTCHINGS ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 08-1013 |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Respondent. ) | |

**ORDER**

Before the Court is Petitioner Kevin Hutchings's Motion for Certificate of Appealability from the denial of his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the Court DENIES Hutchings's Motion [21].

**DISCUSSION**

As amended by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2255 now requires the issuance of a certificate of appealability prior to obtaining appellate review. A certificate may only issue if the applicant makes a substantial showing of the denial of a constitutional right. The certificate must specify what issue(s) merit appellate review.

In denying Hutchings's § 2255 motion, the Court found that his ineffective assistance of counsel claims were without merit. Hutchings's attorney made a good faith analysis of all of the relevant facts and applicable legal principals when advising Hutchings and Hutchings failed to demonstrate that he would not have entered his guilty plea and would have insisted upon going to trial but for the

advice from his attorney. The Court further held that there was no merit to Hutchings's claim that his attorney had a conflict of interest based on his judicial campaign because Hutchings failed to prove that his attorney had an actual conflict of interest or that his attorney running for circuit judge adversely affected his representation of Hutchings. Hutchings did not even come close to establishing either that the performance by his attorney fell below an objective standard of reasonableness or that, but for his attorney's decision, the outcome of his trial would have been different.

In addition, the Court found there was no merit to Hutchings's allegation that the Court lacked authority to impose a mandatory life sentence under 21 U.S.C. § 851 because the Court held an enhancement colloquy before pronouncement of sentence. Statements by the Court at both the change of plea hearing and sentencing hearing advised Hutchings that his prior felony drug convictions mandated an enhancement to life imprisonment. Finally, the Court found no merit to Hutchings's claims that his trial attorney was ineffective for failing to object to the Court's lack of authority to impose the enhancement and that his appellate defender was ineffective for failing to raise this issue on direct appeal because the Court had authority to impose the enhancement.

In considering whether a certificate of appealability should issue, the Court cannot find that Hutchings has made a substantial showing of the denial of a constitutional right, as no claims raised before this Court came close to presenting issues debatable among jurists of reason under the present state of the law. Finding no issue in this proceeding which warrants appellate review, the

Court cannot in good faith issue a certificate of appealability for Hutchings's § 2255 Motion. Accordingly, his Motion for Certificate of Appealability [21] is DENIED.

ENTERED this 29th day of September, 2008.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge
